UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| LYNN KIM, et al., | No. C 11-5688 MEJ |
| Plaintiffs, | **ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| SELECT PORTFOLIO SERVICING, et al., | **ORDER REFERRING CASE TO ADR UNIT FOR ASSESSMENT TELEPHONE CONFERENCE** |
| Defendants. | |
| _____/ | |

Pending before the Court is Defendant's Motion to Dismiss, filed on December 5, 2011. (Dkt. No. 5.) However, on January 5, 2012, Plaintiff filed an Amended Complaint. (Dkt. No. 20.) Under Federal Rule of Civil Procedure 15, a party may amend its pleading once "as a matter of course" within "21 days after service of a responsive pleading or 21 days after service of a motion. Fed. R. Civ. P. 15(a)(1). Thus, as no prior amended complaints have been filed, Plaintiff would have been entitled to file an amended complaint as a matter of course under Rule 15(a) by December 26, 2011. However, based upon Plaintiff's response to the Court's order to show cause, (Dkt. Nos. 17, 19), the Court discharges the OSC and shall permit the amendment. Thus, the amended complaint supersedes the original complaint, and the original complaint is treated as non-existent. Since Defendant's motion is based on Plaintiff's original complaint, the Court hereby DENIES Defendant's motion as moot.

Plaintiff is advised that no further amendments may be made without seeking leave of Court pursuant to Rule 15 and Civil Local Rule 7. Any attempt to file an amended complaint without proper notice to Defendant under Civil Local Rule 7 and a court order shall be stricken.

Pursuant to Civil Local Rule 16-8 and Alternative Dispute Resolution (ADR) Local Rule 2-3, the Court refers this foreclosure-related action to the ADR Unit for a telephone conference to assess this case's suitability for mediation or a settlement conference. The parties shall participate in

a telephone conference, to be scheduled by the ADR Unit as soon as possible, but no later than January 25, 2012. The parties shall be prepared to discuss the following subjects:

    (1)    Identification and description of claims and alleged defects in loan documents.

    (2)    Prospects for loan modification.

    (3)    Prospects for settlement.

The parties need not submit written materials to the ADR Unit for the telephone conference.

In preparation for the telephone conference, Plaintiff shall do the following:

    (1)    Review relevant loan documents and investigate the claims to determine whether they have merit.

    (2)    If Plaintiff is seeking a loan modification to resolve all or some of the claims, Plaintiff shall prepare a current, accurate financial statement and gather all of the information and documents customarily needed to support a loan modification request. Further, Plaintiff shall immediately notify Defendants' counsel of the request for a loan modification.

    (3)    Provide counsel for Defendants with information necessary to evaluate the prospects for loan modification, in the form of a financial statement, worksheet or application customarily used by financial institutions.

In preparation for the telephone conference, Defendant(s) shall do the following.

    (1)    If Defendants are unable or unwilling to do a loan modification after receiving notice of Plaintiff's request, counsel for Defendants shall promptly notify Plaintiff to that effect.

    (2)    Arrange for a representative of each Defendant with full settlement authority to participate in the telephone conference.

The ADR Unit will notify the parties of the date and time the telephone conference will be held. After the telephone conference, the ADR Unit will advise the Court of its recommendation for further ADR proceedings.

**IT IS SO ORDERED.**

Dated: January 6, 2012

_____
Maria-Elena James

Chief United States Magistrate Judge